UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTY PALMER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COGNIZANT TECHNOLOGY SOLUTIONS CORP., et al.,<br><br>    Defendants. | No. 2:21–mc–229–TLN–KJN<br><br>ORDER TRANSFERRING MOTION TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(ECF No. 6) |

      On September 15, 2021, the Cognizant defendants filed in this court a motion to quash a third-party subpoena. (ECF No. 1.) Defendants assert attorney-client privilege arguments on behalf of Biddle Consulting Group, Inc., a business located in this district that has provided services to Cognizant. The Cognizant entities are defendants in a suit brought by four plaintiffs in the Central District of California, case no. 17-cv.6848 DMG (PLA). Defendants ultimately had set their motion to quash for a hearing on October 28, 2021, before the undersigned. (ECF No. 6.) On October 21, defendants submitted a motion to partially seal the parties' joint letter and exhibits, submitting unredacted copies to chambers. (See ECF No. 7.)

      The motion to quash is referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 302(c)(1). Upon review of this court's docket, filings in the Central District, and the parties' submissions, the undersigned finds "exceptional circumstances" counsel that the motion to quash be transferred to the Central District of California.

**DISCUSSION**

Subpoenas are generally governed by Federal Rule of Civil Procedure 45, which allows for "the court where the action is pending" to issue a subpoena commanding a person to, among other things, "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control[.]" Rule 45(a).  Further, on a "timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (iii) requires disclosure of privileged or other protected matter[.]"  Rule 45(d).

However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Rule 45(f); Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co., 301 F.R.D. 426, 428 (N.D. Cal. 2014) (noting that when a party opposes transfer of a motion related to the subpoena, the court may only transfer the motion "upon a finding of exceptional circumstances").  The Advisory Committee notes to Rule 45 provide guidance as to when exceptional circumstances may be found:

> [T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Here, defendants are attempting to quash a subpoena served on Biddle Consulting Group, Inc.  (ECF No. 6-4.)  The subpoena was issued on July 23, 2021, by the Clerk of Court in the Central District of California, and seeks the following documents/ESI: "Since January 1, 2013, all presentations or analyses provided to, or communication with [defendants] concerning employee or applicant race, national origin, citizenship, and/or visa status."  (Id.)  Defendants generally contend Biddle performed analyses on behalf of their legal department.  (See ECF No. 6-1.)  Thus, defendants seek to "relieve[] Biddle from any obligation to produce documents relating to adverse impact analyses or pay equity," asserting those documents are protected by the attorney-client privilege.  (Id.)

///

Plaintiffs argue, among other things, the judges in the underlying case have ruled on similar issues, and have recently extended the deadline for defendants to produce documents due in part to assertions of privilege. Defendants reply that this argument is speculative, contending their custodian may not produce potentially privileged communications with Biddle in the underlying litigation, and so this dispute may never arise in the Central District.[1]

---

[1] The parties filed a motion to seal the joint statement, declaration of plaintiff's counsel, and numerous exhibits. (ECF No. 7.) However, the parties did not provide the court with redacted versions of the filings. It is unnecessary to require the parties to submit redacted versions, due to the court's transfer order. However, given that the court cites to portions of the joint statement in this order, the relevant arguments are produced here for reference, instead of needing to post unredacted versions on the docket.

> Defendants' position: This Court Should Decide the Instant Motion. Because Biddle's office is in Folsom, California, and compliance with the Subpoena would occur in this District, this Court has jurisdiction to hear this motion . . . . This Court and not the court in which the underlying litigation is proceeding is therefore the appropriate place to decide this dispute. Plaintiffs' argument to the contrary is based on mere speculation that future documents Cognizant will produce from custodian Abigail Israel might contain potentially privileged communications with Biddle that might create a dispute between the parties as to privilege, which the parties might brief before the Court in the underlying litigation. Because this hypothetical dispute may never materialize in the Central District, this Court should decide the instant dispute. Cognizant also has standing to quash the Subpoena because the Subpoena requires disclosure of Cognizant's privileged information. (citations omitted)
>
> Plaintiffs' position: The Central District of California Should Decide This Dispute. In the Underlying Litigation, Cognizant has asserted that a vast quantity of documents are protected by the attorney-client privilege and thus are shielded from discovery. Judge Gee extended the schedule due to Cognizant's failure to produce a significant number of documents that Cognizant is still in the process of producing, including documents from Cognizant's former Affirmative Action Director (Abigail Israel). Cognizant is claiming privilege over Ms. Israel's affirmative action materials and is producing a privilege log for these materials next week. The parties will then brief and litigate the applicability of the attorney-client privilege to Cognizant's affirmative action materials, a dispute that will involve the exact same issues as the privilege dispute before this Court. In addition, Plaintiffs intend to appeal an order from Magistrate Judge Abrams denying as untimely Plaintiffs' motion to compel [affirmative action program] related documents for which Cognizant claimed privilege, as the order issued before Plaintiffs were able to respond to Cognizant's argument on that point. (citations omitted).
> ***
> Accordingly, this Court should transfer the existing motion to the Underlying Litigation, as having two courts decide the very same issue is inefficient and raises the possibility of inconsistent rulings.

The court assumes for the sake of argument that defendants have standing to bring this motion on behalf of Biddle. See, e.g., Am. Broad. Cos., Inc. v. Aereo, Inc., 2013 WL 1508894, at *2 (N.D. Cal. Apr. 10, 2013) (finding defendant possessed standing to quash third-party subpoena seeking its proprietary business information). Even so, the court finds exceptional circumstances exist to warrant transfer of this motion under Rule 45(f). This case has been before District Judge Gee and Magistrate Judge Abrams for over four years, and each judge has issued many procedural and substantive orders. See Christy Palmer et al. v. Cognizant Technology Solutions Corporation et al., 2:17-cv-06848-DMG-PLA. Since the pleadings were mostly settled in late 2019, Magistrate Judge Abrams approved a protective order (id. at ECF No. 64), ruled on multiple discovery disputes between the parties (id. at ECF Nos. 136, 153), and issued multiple orders extending discovery deadlines in the case (id. at ECF Nos. 79, 143).

Critical here, while the attorney-client privilege issue has only arisen in an ancillary fashion in previous discovery disputes, the undersigned cannot ignore the fact that Judge Abrams has considered the parties' arguments on this issue in managing the course of the litigation. (See id. at ECF Nos. 136, 153.) Further, the parties appear at present to be locked in a dispute over the scope of the Central District's scheduling orders—including whether defendants are still required to "produce documents they are withholding as attorney-client privileged related to their affirmative action program; and (2) produce documents shared with third parties, corporate policies and policy drafts, and attachments to emails shared with in-house counsel that defendants claim are attorney-client privileged." (See id. at ECF No. 172.) Magistrate Judge Abrams—just last week—issued an order interpreting Judge Gee's scheduling order and cutting off plaintiffs' ability to seek further discovery due to their lack of diligence. (See id. at ECF No. 172.) The undersigned notes plaintiffs' subpoena was not served on Biddle until August 24, 2021—almost a month after the close of fact discovery (as apparently defined by District Judge Gee's scheduling order and Magistrate Judge Abrams's interpretation thereof). (See ECF No. 6-4.) Plaintiffs assert they intend to seek reconsideration of the Magistrate Judge Abrams latest order, and note defendants' privilege log was just produced. (See FN 1, above.)

///

1    For reasons that should be readily apparent by the undersigned's description set forth
2    above of the underlying case, transfer of this motion to quash to the Central District is
3    appropriate.  See Rule 45(f) advisory committee's note ("[T]ransfer may be warranted in order to
4    avoid disrupting the issuing court's management of the underlying litigation, as when that court
5    has already ruled on issues presented by the motion or the same issues are likely to arise in
6    discovery in many districts."); Moon Mountain Farms, 301 F.R.D. at 429 ("When the issuing
7    court has already ruled on issues presented by a subpoena-related motion, exceptional
8    circumstances exist and the court of compliance may transfer the motion to the issuing court.");
9    see also, e.g., In re Perez by Allen, 2020 WL 7056024, *4 (N.D. Cal. Dec. 2, 2020) ("[T]he
10   parties' interest in avoiding inconsistent rulings on a question already briefed before the Texas
11   court outweighs Mr. Perez's interest in obtaining local resolution of a motion to quash . . . .");
12   Bright House Networks, LLC v. MarkMonitor, Inc., 2020 WL 4464882, *2 (N.D. Cal. Aug. 3,
13   2020) (finding transfer appropriate where the third party's motion to quash was based
14   substantially on the application of privileges belonging to plaintiffs); Argento v. Sylvania
15   Lighting Servs. Corp., 2015 WL 4918065, *5 (D. Nev. Aug. 18, 2015) ("While this Court is no
16   doubt capable of construing and applying an order issued in another District, it makes no sense to
17   do so.  How the undersigned and how Judge Holland view the discovery dispute may well differ.
18   The issuing court has already addressed this issue and is in the best position to ensure that the
19   resolution of the pending motion to compel comports with the prior ruling on the motion to
20   quash."); Williams v. Big Picture Loans LLC, 2018 WL 707605, *2 (N.D. Cal. Feb. 5, 2018)
21   (finding exceptional circumstances where, among other things, the parties offer conflicting
22   interpretations of the issuing court's scheduling order and prior discovery disputes).
23      Further, the court finds little, if any, burden on the third party in transferring this motion to
24   the Central District.  See Moon Mountain Farms, 301 F.R.D. at 430 (analyzing burdens placed on
25   nonparty subpoena recipient because such burden is "the primary focus in determining whether
26   transfer is appropriate").  Although Biddle is located in the Eastern District, the company itself
27   has not appeared in this action.  Instead, it appears to be following defendants' lead in their
28   assertion of attorney client privilege.  (See ECF No. 6.)  The motion to quash was brought by

defendants' counsel on behalf of Biddle, and as noted above, defense counsel is no stranger to litigating in the Central District. See, e.g., Williams, 2018 WL 707605 at *2 (finding no burden placed on the third party in transferring the motion to quash, where the third party was "simply awaiting the outcome of the parties' jurisdictional and privilege fights); 3B Medical, Inc. v. Resmed Corp., 2016 WL 6818953, *4 (S.D. Cal. Oct. 11, 2016) (finding no burden on third party where same attorneys represented third party and defendant).

Thus, the undersigned finds transfer appropriate because Biddle's minimal, if any, burden is heavily outweighed "by the importance of ensuring consistency in rulings on the issues involved, preserving judicial economy, and permitting the court with the most experience and knowledge of the facts to rule on these matters." Moon Mountain Farms, 301 F.R.D. at 431; see also Rule 45(f) (noting that if a subpoena transferred under Rule 45(f) court is found to be enforceable, the issuing court may transfer the subpoena back to this district for enforcement of its order).

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The hearing currently scheduled for October 28, 2021, is VACATED, and defendants' motion to quash (ECF No. 6) is TRANSFERRED to the Central District of California;
2. The parties' motion to seal the joint statement and related documents (ECF No. 7) is DENIED as moot, and the documents received by chambers will be returned to counsel; and
3. After transfer, the Clerk of the Court is directed to CLOSE this miscellaneous action, as the motion to quash is the only matter of substance herein.

Dated: October 25, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

palm.229